Good afternoon, Your Honors. Thank you for this opportunity to return to the Bay Area where I spent many personal and professional years. As the Court knows, the United States Supreme Court reversed this panel last January, and I suppose you have called us back here to discuss the case and the ramifications. The remaining issues. Pardon? The remaining issues. The remaining issues, yes. The position of the appellant is that for purposes of appeal, there are no remaining issues. The district court below said that it would not consider the standing issues that were presented, and it decided that the case on page 15 of its opinion, when it said that the right of rescission was no longer available because the property had been sold and three years had expired. And as we know now, the United States Supreme Court has decided that you do not have to file a lawsuit or be in a lawsuit within three years, and the mortgage borrower still has the right of rescission. Tell us what, in your view, if you're successful on your rescission claim, what does the remedy look like now that the house has already been sold? It goes back to the district court. There are several other issues. For example, the standing issue. Hang on a second. So my question is totally different. Assume that you prevail back in the district court. Right. And the court says, yes, you're entitled to rescission under 1635F. Right. What does the remedy look like for your client now that the house has been sold? Just describe to me what relief the court is then going to award you. The court would then have to decide whether my client, once the right of rescission was exercised, decide whether or not my client is entitled to rescission. And if my client is entitled to the rescission, then what would be the equitable conditional remedy? That's what I'm asking. So just describe for me, in the ideal world, you go back in the district court, you prevail, the court says, yes, you're entitled to rescission, what do you get? On the record here, things have changed because my client settled with the buyer. But that's not in the record. But forgetting for the moment that that happened, the procedure would be that my client, there would have to be an evidentiary decision of whether, in fact, my client did not get two Let me just skip up, okay? Assume you win on all that. I'm saying that you have prevailed. The court says, yes, there was a violation, you are entitled to rescission, but the house has already been sold. So I'm just asking, describe what remedy you get. Then you get the truth in lending rescission formula, which is a statutory formula. So you take the original balance, you subtract from the original balance all monies that have been paid in principal and interest, including the interest that was charged at the closing. You also subtract from that all of the closing costs, except for all the credit closing costs, except for hazard insurance and real property taxes, which the borrower has to pay anyway. And also the borrower is entitled to a credit for his reasonable attorney's So after you deduct all that, you get a reduced statutory principal balance. Then the borrower then has to pay that balance in order to get the rescission remedy. And usually the courts will give you probably not usually 30 days, usually 60 days, sometimes 90 days to pay it off. And then the borrower has an opportunity, as we do in these kind of cases, to refinance or to negotiate with his creditor, because if you refinance, you've got to pay additional fees. So many times we're able to refinance with the existing creditor or go into a loan modification. So what I hear you saying, though, is that the remedy you would be entitled to in no way affects title to the property. That's off the table now. It's just a matter of settling up with the lender in terms of money, money exchanging hands. Well, normally it does affect title because the borrower is refinancing, but the remedy itself does not affect title. Because that's what I'm saying. In the context where the sale has already occurred, right? I mean, I'm wondering if the bank is going to argue somehow that once the sale occurs, there can't be any meaningful rescission. But what I hear you saying is that, sure, there can't be. It's not going to affect title, but it will affect how much money exchanges hands. It could affect title. But in this case, there's been a settlement. So if there had not been a How could it affect title if the sale had already occurred? Because it may not be a bona fide purchaser. There's an argument that if somebody bought it and had knowledge, in this case, Your Honor, there was an issue that the buyer was actually somehow related to the creditor. Right. But in the ordinary case, let's just say it's a complete stranger, third party. The ordinary case Hold on a second. Hang on. Hang on. Let me finish my question. If it's a bona fide Let me finish my question, okay? I'm just saying in the ordinary case where all you as the borrower have done is sent a notice, you haven't filed suit, you haven't gotten a court to adjudicate that you are entitled to rescission, all you've done is sent a notice to the lender saying, hey, I intend to seek rescission. That's all that's happened. The sale occurs and a complete stranger, third party, buys the property. What effect could there be on title? I argue that before the Hawaii Supreme Court just three weeks ago in another case. There's an issue as to whether the buyer was a bona fide purchaser for value without notice. And I think the Hawaii Supreme Court is actually going to decide that issue in the Santiago case where they accepted certiorari from the Intermediate Court of Appeals. But I would say to you, generally, yes, you would not affect title. Certainly nothing in TILA would affect title. You're saying that maybe some provision of in any way would affect the legitimacy of it? Nothing in the TILA statute. Yeah. Okay. That's right. Now, the problem is the United States Supreme Court, well, let me say this. The Truth in Lending Act is one of the worst examples of legislation we've ever had. And I used to say it was the worst. I think the other side agrees with that. I used to say it was the worst, but we've had some recent. And the courts have not especially helped either. The United States Supreme Court in the Beach case created a lot of confusion, which led to this split and the reason we're here today. And the new decision has led to a lot of confusion. And a lot of borrowers and commentators are saying that the borrower gets off with a free house. And the Supreme Court did not carefully draw the distinction between exercising the right of rescission and then what that right is and what it means in effect. But here the house was sold, right? Why doesn't the mayor and the regulation should be cut out of the right to rescission? I'm sorry, I didn't understand. Why doesn't our opinion in mayor, mayor versus Ameriquest mortgage, why does that hold that there is no right to rescission after the property is sold? Well, the property was sold after, in this case, after the right, the truth in lending rescission right was exercised. That's true in mayor too. For mayor. In where? Mayor, the case we're talking about, the Ninth Circuit case that would otherwise bind us unless something has superseded it. The first part of your opening brief gave us five pages of quotation from a bankruptcy court saying mayor is wrong. Whether that's true or not, we're still bound by mayor. And it says that once the house is sold, the right to rescission is ended. Well, I think you're bound by the United States Supreme Court decision. And in this case, that the right of rescission was exercised before the sale. So the right of rescission was already exercised. Well, sufficient notice was given, but there actually wasn't rescission. And the point of mayor is that notice had already been given, but that didn't matter. Once the house was sold, that right evaporated. And that decision is contrary to the recent decision in the United States Supreme Court. And can you point to be the language in the Supreme Court's decision that you think undermines mayor such that we should disregard it? I don't have it in front of me. Well, isn't that the main issue here? I know it almost by heart. The court said that the right of rescission is exercised. Where are you reading from? Or where are you citing from? I have to apologize to the court. I don't have the decision here. But that was the expressed decision, that you don't have to, in order to exercise the right of rescission, you don't have to file suit within three years. Well, quoting from the decision, the question presented is whether a borrower exercises this right by providing written notice to his lender or whether he must also file a lawsuit before the three-year period elapses. And that may be why the court used the language which characterizes unspecific or sloppy, because it's speaking not about the actual rescission, but what you have to do to get within the limitations period. But the other part of the regulation says that the right goes away if the property has been sold. And I don't see anything in the Supreme Court's decision that speaks to that part. So if there's not something in Jastrzenowski that, in the terminology of our Miller v. Gamey case, so undermines our precedent, this panel is bound by Meyer. So you need to show us what it is in the Supreme Court's decision that so undermines our court's decision. Well, I'm sure you agree with me that the Supreme Court said that the right to cancel is exercised upon sending the notice. In this case, the notice was sent. Now, under the regulatory regulations, at that point, it changes the relationship between the creditor and the borrower. Now, the creditor has to perform, the borrower has to perform. We are past the exercise of the right of rescission. I don't know. The regulations seem to say. Do you have the regulation, maybe? Do you have 26.23? Do you have that in front of you? Again, I think there's a confusion here. Did you hear my question? Pardon? Do you have the regulation in front of you? I don't have the regulation in front of me. Do you have anything in front of you? I have lots of things in front of me. And. Like what? Well, I've got the briefs. I've got the Supreme Court petition. Well, maybe the regulation is somewhere in the briefs. 226.23. Do you have that? I have. Maybe in your brief. It should be in your brief. Well, yes. I mean, the regulation under A3 says, if the required notice of material disclosures are not delivered, the right to rescind shall expire three years after the consummation on transfer upon all the consumer's interest in the property or upon sale of the property, whichever occurs first. Well. That's what the regulation seems to say. I mean, that's what Mayor said. I respectfully disagree with your reasoning. That's your reasoning because the right in this case to rescind was already exercised. It's no longer an issue as to its cancellation. And in fact, the foreclosing mortgagee at that point had obligations under the statute not to conduct a non-judicial foreclosure sale, but to accept a tender of the principle. So we're out of that box. We're into another box. Now, I agree with you that a lot of this language, one might choose to read it in a variety of ways. But as someone who has actually fought 20 years for this principle, the Congress wanted to protect. You've got about a minute left. Do you want to save it? You've got about a minute left. Do you want to save it for a bottle? Yeah. The Congress wanted to protect borrowers. So it gave them an opportunity to cancel. Once they canceled, it set in motion under the statute obligations for the borrower and obligations for the lender. One of the rights that the lender didn't have was to go ahead and have a non-judicial foreclosure. It's not part of the conditional TILA remedy. For me, I think it's just to look at it the way that you've asked me to consider it would just be another mistaken analysis of the truth-in-lending remedy. Thank you. Yeah. I see my time is up. You're all right. May it please the Court, Michael Gerst for Appellee Bank of America. As your honors are aware, the Jastrzynowski decision reversed this court on one ground. In our responding briefs, we laid out three possible reasons why this court should affirm this court seized purely on the time bar issue. The two other issues remain perfectly valid. As I believe your honors have pointed out, the Meyer decision is still binding precedent. Well, I'm not sure. Maybe my colleagues think that, but that's not where I'm at. And maybe you could walk through why you think Meyer is still good. In light of Jastrzynowski. You know, I believe that Jastrzynowski was narrowly focused on, is there a time bar when a borrower exercises a right of rescission and then fails to file suit within that three years? And it was very narrowly focused on that. The opinion was extremely narrowly tailored. It explicitly just found that a borrower does not need to file suit within those three years. It didn't address the other aspect of the TILA regulations, which state— Well, but let's look at the language of 1635F. I guess, let me just — I'll just put it in very blunt terms, because maybe you'll talk me out of where I'm at. But I would say that, looking at the language of 1635F, you cannot apply the reasoning of Jastrzynowski just to the three-year period, but not to the sale of the property period. In other words, it's just the statute lumps those two things together. And so, as your opponent has argued, once the borrower has exercised the right of rescission by sending the notice, which Jastrzynowski says is fully sufficient to sort of put aside the three-year bar, that, by definition, it would also have to be fully sufficient to sort of put aside the bar on the sale of the property. So why is that reading of the statute wrong? Well, Your Honor, I believe it's wrong because it says, you know, shall expire either three years after the occurrence or the rescission or transfer of all the property, whichever comes first. So while the right has been exercised, it hasn't been fully realized, and then you have a situation where the rescission occurs would cut it off. Because I think from a public policy aspect, you have to— Well, I'm sorry to cut you off, but let me just try to focus you. I would have agreed with you pre-Jastrzynowski, especially in light of Beach, that this statute really was talking about the expiration of a right. That does make it sound like, boy, if you don't make this thing happen within three years or before the sale of the property, it is over. And that is how our Court had interpreted it with respect to the three-year period. Jastrzynowski comes in and says, no, no, no, you guys have gotten it all wrong. All that has to happen before the three years is that you just have to send a notice. And I guess what I'm saying is that looking at this statute, I don't see why that same reasoning wouldn't apply just as fully to the, you know, to the sale of the property bar. And here, your opponent would say, we did send the notice before the property was sold. That's all we had to do under the reasoning of Jastrzynowski. And so I guess I don't see how can we cut off the reasoning of Jastrzynowski just at the three-year bar, but not at the sale of the property bar? I think from a practical perspective, it's a whole different issue. In the three-year bar, it's the same bar. We're still in the property. And so it would make sense that if you have that three-year period, you've exercised it, the bank has said, no, you're still in possession of the property. You then—and obviously, the Supreme Court didn't get into this—there has to be some sort of bar. It's not an indefinite period. But assuming it's, you know, in California, it would be a typical three-year statute of limitations, you would then, from the denial, have a three-year window, let's say, within to exercise that. But when you have a situation where the property has been sold, and in this case, it's then sold to a third party, it's a completely different situation. Why? Because there's no longer a sale to rescind. The sale is not being rescinded. That's, I guess, what I—that's why I was asking your opponent, what does the rescission remedy look like in the post-sale world? And what he described, and I think he's right, is that it has nothing to do with the transfer of title of the property. All that occurs then under subsection B is that you have this calculation that needs to be made, and it's all just about how much money is going to change hands. Your Honor, I think that that analysis that he used was in line with the Dawson analysis, which is what the courts in California have, in the district courts especially, have criticized the reasoning there in saying that it really tends to conflate a TILA damages cause of action and a TILA rescission cause of action. What about our decision in Samar? Because that's where I was drawing it from. It's a 1986 decision by our court. It was a rescission in the post-sale world, albeit in the context of a bankruptcy sale. But there the court went through exactly the analysis that your opponent described. Nobody was talking about fiddling around with the title that the house had been sold, but there was a calculation made under subsection B as to how much—basically how much of a credit the borrower was going to get against the loan proceeds that the lender had realized from the sale. And it seems to me that's exactly what would happen here. Well, and here, Your Honor, I think the distinction is that there are two separate TILA statutes. There is a rescission cause of action and there is a damages for failure to rescind cause of action. And the rescission, reading the rest of the statute, explicitly talks about a transfer of the security interest. And to affect a TILA rescission cause of action, the lending institution returns the security interest. Then upon their return of the security interest, the borrower returns whatever funds there are less the funds is discussed. As the cases that have followed Meyer have discussed, and especially when they distinguished Dawson, there is no title to return. So what— It's not—title, I guess, to me is confusing because it's not so much the title. It's just the security interest that the lender used to have in the property. And all I'm saying is that in the post-sale world, fine, there's no security interest to nullify because it's already been nullified by virtue of the sale, right? And the lender has paid itself off, in essence, with the proceeds of the loan. Proceeds of the sale, rather. And I agree, Your Honor, and that's why there could potentially be a TILA damages cause of action as a result. But there cannot be a rescission cause of action because there is nothing to rescind. Then how do you explain Samar? Because the sale had already occurred there, and yet the court granted rescission and went through the exact calculation that 1635B requires. And I would say, Your Honor, that Meyer came after that and the holdings after that to distinguish that once you have that rescission, you can't do that analysis. And the way the TILA statutes are written now, they provide two separate avenues. It's one or the other, and you can't find both. And here, they elected solely to proceed under a rescission cause of action, not a damages cause of action. And so because they have not proceeded under that rescission, or sorry, they have not proceeded under damages, the only thing they were seeking is a rescission. And once that sale occurred, especially in light of the fact that they then settled with the third-party purchaser, there is absolutely nothing to rescind. And the TILA rescission statutes provide for that return of title. And, you know, you can't read the individual sections without the rest. Because you cannot return that title, how could you possibly have a rescission cause of action? So what do you think they should have done? I mean, they get the notice, and the Supreme Court says, I'm entitled to it, and they send the notice in. What do they do to protect themselves from having the rescission remedy pulled out from under them by the sale of the property? Well, if they're facing a situation like they are here, where four months before they even sent the rescission notice, they got a notice of the foreclosure sale was pending. And so I believe they would have an obligation to take some sort of action to stop the foreclosure sale. And I believe that Hawaii state law bears that out as well. Because under Hawaii state law, they have found in the Ames case that you can challenge a foreclosure up until the point that the certificate of title is recorded with the Hawaii land court. And that wasn't done here for months. I'm sorry, so you're speaking in terms of subjunctive hypothetical. What is it they should have done? I believe they should have, knowing that foreclosure was pending, and especially knowing that foreclosure had occurred, they should have filed some sort of action to seek an injunction to prevent the recordation of the... When you say some sort of, you are, again, hypothesizing. I'm asking you, what should they have done specifically? You know, saying some sort of is sort of a non-answer to my question. That just turns it back on me, and I have to imagine. I don't want to imagine. I want you to tell me what they could or should have done under applicable law that would have preserved that right. They should have filed a lawsuit and sought a temporary restraining order and preliminary injunction preventing... A lawsuit? What kind of lawsuit? In what court? Be specific. What is it they could have done? They could have filed a TILA rescission lawsuit earlier, filed a wrongful foreclosure lawsuit... They filed a TILA rescission lawsuit earlier, and what? And sought a temporary restraining order and preliminary injunction to enjoin Bank of America from transferring the title to any third party, which would have then allowed for a rescission to take place before that foreclosure became finalized. Permissible remedy of the TILA? Yes. I don't know. I mean, I see a rescission. Remedy is stopping a sale? Yes. The TILA implementing regulations specifically allow for courts to essentially supersede the statute. And they say that a court can do what it feels is equitable. And it's one of those situations, as this court has discussed, there's the issue of when you seek a TILA rescission, the statute requires that the security interest be turned over to the borrower, and then the borrower is required to return the funds. So courts have allowed in those situations for the bank to file an affirmative declaratory relief cause of action, which would then require that the district court oversee that transfer and essentially allows the bank to make sure that its security interest isn't lost by filing that affirmative lawsuit. Now, as a practical perspective, it financially doesn't work for banks every single time they get a TILA rescission notice to file a declaratory relief cause of action, because as was shown here, the bank responded timely and attached the TILA disclosures that had been signed by Mr. Takushi at the time he got the loan that explicitly stated that he had received two copies and included all of the disclosures that he had signed. And so in those situations, from a practical perspective, the bank's not going to file a lawsuit every single time that that happens. It seems to me the regime that you're asking us to validate or to construct post-Jasinowski would give lenders a strong incentive upon receiving the notice that the borrower sends to foreclose as fast as possible. And that just strikes me as at odds with the statutory purpose of TILA. And that's why I guess I'm really finding myself resistant to your reading of the statute, because, boy, as soon as you as the bank get that notice, you're like, oh, my God, we need to foreclose tomorrow, because if we can just foreclose before they're actually able to file a lawsuit, we are in the clear. And why would TILA set up that regime? Well, I think there are two aspects to that. I think one aspect is the reality is actually the reverse. As you saw here, what tends to happen more often than not is it's the borrower that has the reverse situation. They get the, I'm behind on my payments. All of a sudden, they get the foreclosure notice, and they say, oh, well, I might as well file this TILA rescission lawsuit because it's going to interfere with the bank's ability to foreclose. And so we see a lot of these that that's the way it happens in the situation here. They didn't file the lawsuit until all of a sudden he's facing foreclosure, and it's a way to delay the inevitable foreclosure. And I think to answer your question specifically is that there are statutes in place to prevent that. You can't just foreclose. There's the notice of default period that is required. There's then the notice of trustee sale period, and then the sale occurs. Then there's further in Hawaii a period before that can be recorded in the land court, which finalizes the sale. And so there are protections in the underlying foreclosure law that prevent the bank from rushing to foreclose. Well, I'm sure there are ways your client can speed the process up if it wants to. I mean, you're not going to talk to me. You're not going to lead me to believe that there aren't mechanisms to expedite things if there is an incentive for the lender to do that. But there are time periods in the statute that the lender can't change. And in California, you're required to give the notice of default, and then there's a period of time before the notice of trustee sale can be recorded, and then the sale can't take place until 30 days after the notice of trustee sale. So all of those things give a borrower notice of the fact. But you had noticed, I guess, I'm sorry, not you, but your client had noticed before going forward with the foreclosure sale that this borrower was going to seek rescission. And it seems to me what the statute, the regime the statute sets up is one that says as long as the right of rescission has been exercised by virtue of sending the notice, if you're in the middle of foreclosure proceedings as the lender, you can go forward as long as you haven't been ordered preliminarily enjoined by a court to not go forward. You can go forward and sell the house at foreclosure, but it's going to be subject to the sort of true-up that 1635B requires if, in fact, the rescission remedy is upheld. Right. And I think, Your Honor, that would render all foreclosures when there had been a HELOC loan unmarketable because it's not something that's recorded. So there's no way a third-party purchaser can be aware that a TILA rescission was filed. But it's not going to affect the quality of the title that's transferred, I guess. Maybe you need to explain to me why I'm missing something. As I understand what TILA does, forget about whatever Hawaii state law does or doesn't provide once a foreclosure sale occurs, because to me that's irrelevant. In terms of the regime that TILA sets up, the rescissionary remedy has nothing to do with whether a good title is passed once a foreclosure sale occurs. All that happens is that that pot of money that you as the lender took in, right, is sort of held there, and then we do this adjustment under 1635B, and we figure out how much money does the borrower still owe. But it ended up just being a mathematical calculation at that point. And, Your Honor, I think that that's the situation why there are two separate statutes under TILA, one for rescission and one for damages. And what you're discussing is a very valid cause of action for TILA damages for failure to rescind, but because the foreclosure sale has occurred, there simply cannot be a rescission because there is nothing that can actually be rescinded. What's your best case for the proposition you just stated? Because I haven't found one. Thank you. For the proposition that a borrower is forced into an election of remedies kind of regime, because that's what you've just described. Right. And I don't think, I haven't seen any cases that say that, but if you have one, I'd love to look at it. I think one of the ones that I found most persuasive was the Shirley v. Wachovia mortgage case, which is 2012 Westlaw 1094331 out of the Northern District of California. And I understand that's a district court case, but I think it does a good analysis of going through the two. And I think it also, it explicitly deals with Dawson, which seems to be somewhat in line with what Your Honor is following. And I think it does a good analysis of why that Dawson ruling really sort of inflates the issue of rescission and damages. Okay. Yeah. I'll take a look at that. Thank you. Thank you, Your Honor. Okay. Thank you. Cases are, you will stand submitted. We're adjourned.
judges: Kozinski, Clifton, Watford